Benjamin Brenner, J.
Application pursuant to article 78 of the Civil Practice Act.
Petitioner complains of a determination by the Rent Administrator which denies her application for a certificate of eviction of a tenant occupying the upper four-room apartment of a two-family house in which petitioner owns a half interest. Petitioner entered the country in October, 1955, when she became bound by the provisions of the Refugee Relief Act of 1953 (U. S. Code, tit. 50, Appendix, § 1971e), which provides for assurance by the alien and her sponsors that she will be housed in “ housing ” accommodations “ without displacing some other person from such housing.” Thus legally restricted as to her housing needs, petitioner came to live with the sponsoring-relatives in the five-room lower apartment of the subject premises owned by the latter, without any then apparent threat to the tenant. In February, 1957, a year and a half after' her *533 arrival, petitioner purchased her one-half interest from such sponsoring relatives. On the strength of that transaction petitioner and the relatives who vouched for her accommodations seek to oust the tenant of the upper apartment for occupancy by the petitioner and her brother.
Petitioner contends that her status is no longer that of an alien and thus no longer subject to the provisions of the said Refugee Relief Act; that she need not show “ compelling necessity ” for personal occupancy in a two-family house under section 55 of the State Rent and Eviction Regulations; that she has paid more than 20% of the purchase price or the assessed value of the premises, required by subdivision 4 of section 55 of such regulations, and finally, that she has made application in good faith to recover possession of the housing accommodation. The Administrator found that the petitioner and her relatives violated the Refugee Relief Act.
The facts warrant that determination, although, in my view, subdivision 1 rather than subdivision 4 of section 55 of the regulations seems additionally applicable. When petitioner purchased her half interest she was in the country for a year and a half. She may, in a sense, have ceased to be an alien and to have acquired many rights and privileges enjoyed by aliens of long residence and by citizens as well; but she remained bound by the Refugee Relief Act which forbade her and her sponsors to displace the tenant. This was her concrete undertaking. Nowhere in the applicable statute is there any intimation that following any specific period of residence shall the refugee be relieved of that obligation. To contend that the obligation ceased any time after the giving of the assurances and the entry by the alien is quite absurd.
Since the shortage in housing accommodations continues to constitute a serious public emergency, it seems presumptuous for the petitioner and her sponsors, in so short a period of petitioner’s residence, to attempt displacement of the tenant from the housing accommodation which they guaranteed would be safe from such an attempt. The requirements of the Refugee Relief Act against displacement of housing accommodations is a statutory condition for entry into this country. Its violation forms the basis of the Administrator’s apparent determination that petitioner makes this application in bad faith. To say that the Administrator may not consider such violation because the regulations are silent as to it, is to imply that he had no power to issue and enforce Bulletin No. 185 having reference to the Federal law. But this overlooks such power granted to him by section 4 of the State Residential Rent Law (L. 1946, ch. 274, *534 as amd.). Moreover, the Administrator’s co-operation with the Federal Government as to the purpose of the rent control act is specifically mandated (State Residential Rent Law, § 7; Matter of Archer v. Abrams, 145 N. Y. S. 2d 230).
It may well be that petitioner’s purchase of the half interest is wholly legitimate and that at some future and more appropriate time the petitioner may rightfully claim that her status should no longer be regarded as that of an alien and that, like any other citizen, she be granted the right of use and occupancy of the property she has purchased. She may pursue her cause at a time when there is material change in housing conditions or when reasonable protection of the tenant is no longer involved. That time, in my judgment, has not yet arrived. The application is denied.
Submit order.